## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 06-CR-30035-MJR |
| | ) | |
| **ANTHONY TERREL DOTSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ORDERING PSYCHIATRIC EVALUATION

**REAGAN, District Judge:**

On September 21, 2007, the Government moved to revoke Dotson's supervised release. By motion filed October 12, 2007, defense counsel raised the issue of Dotson's competency to understand the nature and consequences of the proceedings against him and properly assist in his defense. The motion seeks a psychiatric or psychological evaluation pursuant to 18 U.S.C. § 4241.

Defendant's counsel, Daniel Cronin, Assistant Public Defender, provided the Court with substantial evidence of Dotson's current condition on October 12, 2007 in the initial motion for psychological evaluation (Doc. 15). Defense counsel supplemented the motion on October 18, 2007 (Doc. 19).

The evidence set forth by Cronin indicates that Dotson has a history of mental illness. He was diagnosed with bipolar disorder in 2005 and received outpatient mental health treatment in Chestnut Health Systems in Granite City, Illinois. Dotson has been prescribed Depakote and Respiridol for his condition. While being held at the St. Clair County jail earlier this month, Dotson refused to move voluntarily, and jail staff resorted to physically moving him when necessary. Recently, he has refused to take his medication or eat. On October 17, 2007, Dotson appeared to

be in a catatonic state and was hospitalized to address concerns arising from his refusal to eat.

Moreover, Cronin has had no direct communication with Dotson since October 2, 2007.  On numerous occasions Cronin has attempted to discuss the case with Dotson.  In those meetings, Dotson has been unresponsive and refused to be interviewed.  In one instance, Cronin reports that Dotson "gave no indication that he was aware of [Cronin's] presence in the interview room, did not say a single word, did not look at [Cronin], and did not react in any way to any information or entreaties.  After a few minutes, Anthony Dotson simply laid down on the floor of the interview room, where he remained while deputies with the United States Marshals intervened."  Attorney Cronin's interview's of Dotson's brothers and others who know him further indicate that Dotson may be mentally ill.

Counsel for the United States does not object (and believes it a prudent step) to order a psychiatric/psychological examination of Dotson.

**FINDING** reasonable cause to believe that Dotson may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the Court **GRANTS** the motion (Doc. 15).

The Court **DIRECTS** a psychiatric and/or psychological examination of Defendant Dotson be conducted by a licensed or certified psychiatrist or psychologist at an institution to be designated by the Attorney General or his representative.  The examination **shall be completed within 30 days**, unless an extension of this time is granted by the Court pursuant to 18 U.S.C. § 4247(b) ("The director of the facility may apply for a reasonable extension, but not to exceed fifteen days..., upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant").  A psychiatric or psychological report shall be filed with this Court,

pursuant to 18 U.S.C. § 4247(c), with copies to counsel. However, if either counsel becomes independently aware that the report is ready, they should provide the Court with copies.

The United States Marshals Service shall transport Dotson to the institution designated by the Attorney General and upon completion of the examination, return him to the Court for a hearing in accordance with the provisions of 18 U.S.C. § 4241(a) and (c) and § 4247(d).

The 30 days allowed for the examination under this Order shall begin on the day Dotson physically arrives at the institution designated by the Attorney General. Bearing note, however, is the fact that 18 U.S.C. § 3161(h)(1)(H) provides for *only ten days transportation time* to the institution (any period of time beyond this "shall be presumed to be unreasonable").

Finally, after Dotson is evaluated and the report is disseminated, the Court will set a date and conduct a full competency hearing.

**IT IS SO ORDERED.**

**DATED this 19th day of October 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**