# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CR-30035-MJR |
| ) | |
| ANTHONY TERREL DOTSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### I. Factual Background/Procedural History

On March 16, 2005, Defendant Anthony Terrel Dotson appeared before the Honorable Kent J. Dawson, United States District Judge in the District of Nevada, and was sentenced to ten months in the Bureau of Prisons followed by three years' supervised release for committing the offense of Theft of Public Property in violation of 18 U.S.C. § 641. On June 18, 2005, Dotson was released from confinement and began his term of supervised release. On February 27, 2006, Judge Dawson ordered, pursuant to 18 U.S.C. § 3605, that jurisdiction over Dotson be transferred to the Southern District of Illinois, upon this Court's order of acceptance of jurisdiction. The undersigned judge ordered that jurisdiction over Dotson be accepted, effective March 17, 2006.

On September 21, 2007, United States Probation Officer Richard Wactor recommended that Dotson's term of supervision be revoked for the following reasons: 1) School Trespassing on August 29, 2007; 2) failure to make monthly payments in accordance with the Schedule of Payments sheet of the Court's judgment; 3) failure to submit written reports to the probation office; 4) failure to notify his probation officer within 72-hours that he was arrested by

1

law enforcement officers on August 29, 2007; and 5) failure to participate in mental health treatment consistently, as directed by his probation officer. Based on these recommendations, the Court ordered the issuance of an arrest warrant on September 21, 2007.

On September 24, 2007, Dotson appeared with counsel, Assistant Federal Public Defender Julie K. Morian, before United States Magistrate Judge Clifford J. Proud for Initial Appearance on Petition to Revoke Supervised Release and Detention Hearing. Dotson waived a preliminary hearing. After hearing proffers as to detention, Judge Proud ordered Dotson detained pending further proceedings. A revocation hearing was set before the undersigned judge on October 10, 2007.

On October 9, 2007, United States Probation Officer Damon Yates moved for leave to file an amended petition, amending the School Trespassing violation to Unlawful Possession of Child Pornography and Transportation of Obscene Matter on or about September 24, 2007. The remainder of the petition was unchanged. The Court granted leave to file the amended petition on October 9, 2007. Upon Dotson's motion, the Court continued the revocation hearing to October 18th, to allow Dotson's counsel to prepare against this serious allegation.

On October 12, 2007, Dotson's counsel, Assistant Federal Public Defender Daniel G. Cronin, moved, under seal, for a psychiatric or psychological evaluation of Dotson's competency to understand the nature and consequences of the proceedings and to assist properly in his defense. Cronin stated that Dotson has a history of mental illness, including a 2005 diagnosis of bipolar disorder for which Depakote and Risperdal were prescribed. When Cronin met with Dotson, on October 2, 2007, Dotson had difficulty focusing on his case. Dotson's brother, staff at Douglas Elementary School and the St. Clair County Jail Superintendent corroborated Cronin's concerns

2

about Dotson's competency. These concerns were bolstered by Dotson's behavior when Cronin attempted to interview him at the courthouse on October 10th. At that time, Dotson appeared to be in a trance, was unresponsive and, after a few minutes, lay down on the interview room floor.

On October 18, 2007, Dotson was transported to the courthouse for a hearing on Cronin's sealed motion for psychiatric or psychological evaluation, but he was mentally and/or physically unable to be present in the courtroom. On October 19, 2007, the Court found reasonable cause to believe that Dotson may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court granted Cronin's motion, to which the United States did not object, and directed that a psychiatric and/or psychological examination of Dotson be conducted by a licensed or certified psychiatrist or psychologist at an institution to be designated by the Attorney General or his representative.

Dotson was transported to the Federal Medical Center at Lexington, Kentucky. A letter and report were received from the Medical Center on November 28, 2007. The clinician found Dotson to be acutely psychotic. Because of Dotson's severely impaired mental state, he was unable to provide personal historical information, to respond appropriately, relevantly and sensibly to questions, and to engage in productive interviews with the examiner. Dotson was consistently observed to be uncommunicative and unresponsive. He acted bizarrely, rambled illogically and appeared to be hallucinating. He remained in segregation during the evaluation because he was too mentally impaired to be placed in the general population. He was given medications used to treat mental illness, Risperdal and Remeron, but his condition did not improve and his compliance with the medication was questioned. Dotson did not express suicidal thoughts, but he was reported to

3

have a history of hearing voices telling him to kill himself and a history of attempting suicide.

The clinician recommended that Dotson be hospitalized so that his psychotic symptoms could be treated and his mental condition stabilized before he could be safely released back into the community. Dotson's condition can be expected to improve considerably with sustained compliance with medications. In the opinion of the evaluating clinician, Dotson is "**not** presently competent to stand trial," but, if committed for treatment, "there **is** a substantial probability he will obtain the capacity to permit a trial to proceed in the foreseeable future." (emphasis in original). The clinician recommended that Dotson be committed for treatment immediately.

Dotson was returned to the District on January 11, 2008, and the competency hearing was set for January 16, 2008.

## II. Legal standard and analysis

Dotson has a due process right to a hearing before the conditions of his supervised release can be revoked. **FED. R. CRIM. P. 32.1 (except in circumstances not applicable here, "[b]efore modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel.");** *cf. Gagnon v. Scarpelli*, **411 U.S. 778 (1973) (due process requires a hearing before probation can be revoked)**. Due process requires that a defendant have the mental competence to participate in supervised release revocation proceedings against him. *Cf. Woods v. Anderson*, **302 F.Supp.2d 915 (S.D.Ind. 2004) (citing *Pate v. Robinson*, 383 U.S. 375, 384-86 (1966) (The Due Process Clause prohibits states from trying and convicting mentally incompetent defendants.)**.

No Supreme Court or Seventh Circuit case has been found that addresses the question of how a court is to proceed when a defendant's competency is questioned in the context of a

4

supervised release revocation hearing. However, a number of courts have addressed this issue and have found that it was appropriate to follow the procedures set forth in **18 U.S.C. § 4241**, which governs determinations of a defendant's competency to stand trial. ***United States v. Avery,* 328 F.Supp.2d 1269, 1271-72 (M.D.Ala. 2004) (citing *United States v. Vandyke*, 64 Fed.Appx. 877, 878 (4th Cir. 2003) (applying § 4241(d) to revocation hearings); *United States v. Kanode*, 993 F.2d 1540 (4th Cir. 1993) (noting the use of § 4241 to address a motion for an evaluation to determine competency to proceed with a supervised-release revocation hearing); *United States v. Baker*, 807 F.2d 1315, 1320 (6th Cir. 1986) (affirming district court's finding that defendant in probation-revocation proceeding lacked competency, and affirming defendant's subsequent forced hospitalization pursuant to § 4241(d)); *United States v. McCarty*, 747 F.Supp. 311, 312-13 (E.D.N.C. 1990) (finding that court did not have jurisdiction to hospitalize defendant in revocation hearing under § 4245, which covers hospitalization of persons serving a sentence of imprisonment, but finding that court did have jurisdiction under § 4241))**. The Court finds the analysis of these courts highly persuasive. Moreover, "where there is no Seventh Circuit precedent, this Court should defer to the consistent precedents of other courts of appeal." ***United States v. Bailin,* 1993 WL 28742, \*2 (N.D.Ill. 1993) (citing *Colby v. J. C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir.1987))**. Accordingly, the Court will apply the pretrial-detainee standards set forth in **18 U.S.C. § 4241** to the facts of the instant case.

    **18 U.S.C. § 4241** reads in relevant part:

> (a) Motion to determine competency of defendant. - At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease

or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

\* \* \* \*

(d) Determination and disposition. - If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. . . .

Under this standard, Dotson is not mentally competent for a supervised release revocation hearing if the Court finds, by a preponderance of the evidence, that he "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." **18 U.S.C. § 4241(d); *Dusky v. United States*, 362 U.S. 402 (1960) (standard for competency to stand trial is "whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him.")**.

At the competency hearing, Cronin testified that Dotson refused to meet with him at the St. Clair County Jail on January 15, 2008. On January 16th, prior to the competency hearing, Cronin again attempted to speak with Dotson in an interview room at the courthouse, but he was advised by the United States Marshals Service that Dotson would not come out of his cell to meet with him. Cronin also reported that Dotson had his eyes open prior to the undersigned judge's taking the bench at the hearing but closed them at that time and did not re-open them.

Upon the Court's inquiring, a United States Marshal stated that Dotson had not spoken to the Marshals. Furthermore, the Marshal reported that officials at St. Clair County Jail,

6

where Dotson is incarcerated, advised the Marshals that Dotson would not take his medications.

Cronin had no objection to the Court's finding that Dotson is currently not competent to stand trial but that he may attain the capacity to permit a trial to proceed in the foreseeable future. Cronin did, however, express an opinion that Dotson may be overmedicated, although he also stated that this conclusion appears unlikely given the report that Dotson was not taking his medication.

Assistant United States Attorney Donald S. Boyce stated that the Government adopts the doctor's recommendations.

The Court commented that Dotson remained seated and appeared to be sleeping throughout the hearing. The Court also observed that Dotson would not communicate with Cronin, who then interjected that Dotson was completely non-responsive. The Court stated that it appeared that Dotson had to be force-medicated.

All of the evidence before the Court points unambiguously to one conclusion: Dotson is not competent. Based upon a thorough review of the record and upon the Court's observation of Dotson during the hearing, the Court concludes that Dotson suffers from a mental disease or defect that renders him incompetent, in that he is unable to rationally understand the proceedings, is unable to consult with his attorney with a reasonable degree of rational understanding, and is otherwise unable to assist in his defense. He is not, therefore, competent to proceed with the hearing to revoke the conditions of his supervised release.

Accordingly, pursuant to the mandate of **18 U.S.C. § 4241**, having found that Dotson is not competent, the Court "shall commit the defendant to the custody of the Attorney General." **28 U.S.C. § 4241(d)**. The Attorney General is authorized to:

>hospitalize the defendant for treatment in a suitable facility-

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and
(2) for an additional reasonable period of time until-
    (A) his mental condition is so improved that trial may proceed, if the court finds that there is substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or
    (B) the pending charges against him are disposed of according to law;
whichever is earlier.
    If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246. **18 U.S.C. § 4241(d)**.

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

(1) Defendant Anthony Dotson is declared to be mentally incompetent to proceed with the supervised release revocation proceedings in this case, and is committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241;

(2) The Attorney General shall, pursuant to 18 U.S.C.A. § 4241(d), hospitalize Defendant Dotson for treatment in an appropriate facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the hearing to proceed; and

(3) On or before the end of this four-month period, the Attorney General or his designee shall file a report on the mental condition of Defendant Dotson.

**IT IS SO ORDERED.**

**DATED this 17th day of January, 2008**

                              **s/Michael J. Reagan**
                              **MICHAEL J. REAGAN**
                              **United States District Judge**